United States District Court
Southern District of Texas
**ENTERED**
August 05, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAUL VIDAL, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 1:19-cv-90 | |
| § | | |
| PAUL SANCHEZ, et al., § | | |
|    Defendants. § | | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 5, 2019, Plaintiff Raul Vidal filed a civil rights complaint against Defendants Paul Sanchez and Lisa Lambardi. Dkt. No. 1. On June 28, 2019, Vidal filed a motion to proceed in forma pauperis. Dkt. No. 11.

Because Vidal has sought to proceed IFP, the Court has a statutory obligation to review the pleadings to determine if the complaint states a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

After reviewing the record and the relevant case law, it is recommended that this case be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## I. Background

### A. Factual Background

On October 23, 2018, Vidal was arrested by Lisa Lambardi for burglary of a habitation, based on an arrest warrant sworn out by police investigator Paul Sanchez. Dkt. No. 1.

According to Vidal, the burglary victim saw four teenage boys leaving his home after the burglary. Dkt. No. 15. Sanchez talked to one of the boys, who told Sanchez who the other three boys were. Id. Vidal claims that the teenage boy showed Sanchez his cell phone, which had text messages implicating the other boys. Id.

1

Vidal states that Sergio Ayala, the stepfather of one of the boys, overheard all four boys later meeting to invent a false story to tell the police; one that would falsely implicate Vidal as the burglar. Dkt. No. 15. Ayala called Vidal to inform him of this plan. Id.

Vidal then called Sanchez to inform him of the boys' plan. Dkt. No. 15. Vidal claims he had been previously "harassed" by Sanchez, telling Sanchez that "I was not hired as a law enforcement [officer] to do his work for him." Id.

Vidal claims that "even a rookie investigator could determine that [the] burglary was done by the four juveniles." Dkt. No. 15. Vidal asserted that Sanchez was negligent and incompetent in conducting his investigation. Id.

On March 21, 2019, the charges were dismissed. State v. Vidal, Case No. 2018-DCR-02354.[1]

**B. Procedural Background**

On June 5, 2019, Vidal timely filed a civil rights complaint against Sanchez and Lambardi, seeking relief for being unlawfully imprisoned. Dkt. No. 1.

On June 14, 2019, the Court ordered Vidal to either pay the $400 filing fee or file a motion to proceed in forma pauperis. Dkt. No. 7.

On June 28, 2019, Vidal filed a motion to proceed in forma pauperis. Dkt. No. 11.[2] Because the Court is recommending that the case be dismissed for failure to state a claim upon which relief can be granted, no recommendation is necessary as to the appropriateness of proceeding IFP.

---

[1] The Court may take judicial notice of state court proceedings, which are a matter of public record. In re Deepwater Horizon, 934 F.3d 434, 440 (5th Cir. 2019).

[2] The Court notes that because Vidal was no longer a prisoner when he filed his complaint, it is not subject to the Prison Litigation Reform Act's restrictions on IFP, found at 28 U.S.C. § 1915(g). Dickey v. U.S. Bureau of Prisons, 116 F.3d 477 (5th Cir. 1997). If § 1915(g) was applicable, then Vidal could not proceed IFP in this case, because he has had three previous prisoner cases dismissed for failing to state a claim upon which relief can be granted. See Vidal v. Sanchez, No. CV B:14-203, 2015 WL 10890274, at *1 (S.D. Tex. Dec. 8, 2015), report and recommendation adopted, No. CV B-14-203, 2016 WL 2937472 (S.D. Tex. May 18, 2016) (noting that Vidal was barred from proceeding IFP as a prisoner).

On August 6, 2019, the Court ordered Vidal to file an amended complaint, based on deficiencies in the original complaint. Dkt. No. 12. Given the solitary nature of the claim, i.e. that Vidal was wrongfully arrested after a shabby police investigation, the Court's order observed that a "negligent police investigation does not violate Vidal's constitutional rights, even if it leads to his arrest." Id. (citing Shadley v. Grimes, 405 F. App'x 813, 815 (5th Cir. 2010)).

On August 26, 2019, Vidal filed his amended complaint, continuing to attack the competency of Sanchez's investigation. Dkt. No. 15.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

### B. In Forma Pauperis

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court <u>shall</u> dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune
from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). See <u>Hutchins v. McDaniels</u>, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous <u>in forma pauperis</u> complaint is proper).

"A complaint is frivolous if it lacks an arguable basis in law or fact." <u>Black v. Warren</u>, 134 F.3d 732, 733 (5th Cir. 1998). Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6). <u>Rhine v. City of Mansfield</u>, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing <u>Black v. Warren</u>, 134 F.3d 732, 734 (5th Cir. 1998)).

### C. Rule 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." <u>Ferguson v. Bank of New York Mellon Corp.</u>, 802 F.3d 777, 780 (5th Cir. 2015) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. <u>Id.</u> at 679.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1)

4

the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).  All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

Dismissal, for failing to state a claim upon which relief can be granted, is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

**III. Analysis**

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).  Even granting Vidal this leeway, he still fails to state a claim upon which relief can be granted.

The crux of Vidal's complaint is that Sanchez and Lambardi conducted a negligent investigation, when allegedly strong evidence pointed to other suspects. Dkt. Nos. 1, 15. In Vidal's mind, even an inexperienced police officer would have focused on the four teenage boys as suspects rather than Vidal.  Vidal was arrested and spent time in jail before the charges were dismissed.

Assuming all of the well-pled facts are true, they do not raise a claim of a constitutional dimension.

It is not enough for Vidal to raise the possibility that Sanchez was incompetent or negligent in his investigation; Vidal must plead facts showing that Sanchez "intentionally or knowingly presented false evidence or fabricated evidence, and that [his] actions shock the conscience." Rogers v. Lee Cty., Mississippi, 684 Fed. App'x 380, 390 (5th Cir. 2017). Vidal has pled no facts which plausibly rise to this standard.

A negligent police investigation does not violate Vidal's constitutional rights, even if it leads to his arrest. Shadley v. Grimes, 405 Fed. App'x 813, 815 (5th Cir. 2010); Moreno

5

v. City of Progreso, Tex., 161 Fed. App'x 371, 373 (5th Cir. 2005) ("The negligent failure to investigate other leads does not violate due process."); Daniels v. Williams, 474 U.S. 327, 328 (1986), ("the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."). The fact that the arrest led to Vidal being held in jail for a time does not change this analysis. See Sanchez v. Swyden, 139 F.3d 464, 468 (5th Cir. 1998) (the officials "charged with maintaining custody of the accused named in a warrant are not required by the Constitution to perform an error-free investigation of a claim of innocence").

Vidal's opinion that even an inexperienced investigator would not have made the same mistakes that Sanchez did is not a well-pled fact; it is a conclusory opinion. See Benfield v. Magee, 945 F.3d 333, 336–37 (5th Cir. 2019) (the Court is not required to "accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement.") (cleaned up)[3].

Accordingly, this claim should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**IV. Recommendation**

It is recommended that the complaint filed by Raul Vidal be dismissed with prejudice for failure to state a claim upon which relief can be granted.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

---

[3] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Flores-Abarca v. Barr, 937 F.3d 473, 479-81 (5th Cir. 2019) (using "cleaned up").

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on August 5, 2020.

_____
Ronald G. Morgan
United States Magistrate Judge